# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

BRANDY CARNLEY and
VIRGINIA J. LINDSEY,

      Plaintiffs,

v.                         CASE NO.  5:17cv85-RH/GRJ

SHERIFF OF BAY COUNTY,
FLORIDA, et al.,

      Defendants.

_____/

## ORDER DENYING THE MOTION
## FOR JUDGMENT AS A MATTER
## OF LAW OR FOR A NEW TRIAL

This case arises from a correctional officer's sexual assault of the two

plaintiffs, who were pretrial detainees in a jail operated by the Sheriff of Bay

County, Florida. The plaintiffs asserted claims under 42 U.S.C. § 1983 against the

correctional officer and against the Sheriff in his official capacity. After a full and

fair trial, the jury returned a verdict for the plaintiffs. The Sheriff has moved for

judgment as a matter of law or alternatively for a new trial. This order denies the

motion.

# I

On a motion for judgment as a matter of law, disputes in the evidence must be resolved, and all reasonable inferences must be drawn, in favor of the nonmoving party. The motion must be denied if a reasonable jury could return a verdict for the nonmoving party. *See, e.g.*, *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1130 (11th Cir. 2017).

On a motion for a new trial, in contrast, the court may consider the weight of the evidence. But new trials are disfavored; a court should grant a new trial only if "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice." *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016).

# II

The defendant correctional officer, Pedro Ryes, supervised the jail's laundry. The plaintiffs were detainees assigned to work in the laundry. Overwhelming evidence established that Mr. Reyes sexually assaulted each plaintiff on multiple occasions. The Sheriff does not deny it.

A correctional officer who sexually assaults a detainee violates her constitutional rights. But as the plaintiffs acknowledge, the Sheriff cannot be held vicariously liable under § 1983 for Mr. Reyes's actions. The plaintiffs assert the

Sheriff is liable not just because Mr. Reyes sexually assaulted them but because the jail's warden, Rick Anglin, was deliberately indifferent to the risk that Mr. Reyes would assault them.

The governing legal principles are settled.

First, a warden, like any other jail official, violates an inmate's constitutional rights if (1) the official is deliberately indifferent to a substantial risk that the inmate will suffer serious harm and (2) the official fails to take available steps to avoid or reduce the risk. To be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc).

Second, a sheriff in his official capacity, like a city, is liable under § 1983 for an official's constitutional violation only if the violation was based on the sheriff's policy or custom or if the official was one whose edicts or acts may fairly be said to represent official policy. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (adopting this standard for claims against a city); *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (applying *Monell* to claims against a Florida sheriff in his official capacity).

In his motion for judgment as a matter of law or new trial, the Sheriff asserts that the plaintiffs satisfied neither of these two legal principles. That is incorrect.

First, there was evidence on both sides of the question whether the warden, Mr. Anglin, was deliberately indifferent to the risk that Mr. Reyes would sexually assault the plaintiffs. Thus, for example, the plaintiffs presented another correctional officer's testimony that he told Mr. Anglin about Mr. Reyes's apparent sexual misconduct toward inmates in the laundry where he—and the plaintiffs—worked. Mr. Anglin testified that he was told no such thing. Resolving this dispute was the province of the jury. The jury instructions properly set out the deliberate indifference standard—the Sheriff did not and still does not take issue with the instructions on this point—and the jury resolved the dispute for the plaintiffs.

Second, the plaintiffs abandoned prior to trial any claim that these sexual assaults were based on a policy or custom. They asserted instead that in relevant respects, Mr. Anglin was a person whose edicts or acts may fairly be said to represent official policy—in the shorthand of many judicial decisions, a "final policymaker." Whether a person meets this standard is an issue of law for the court, not a jury issue. *See, e.g.*, *Scala v. City of Winter Park*, 116 F.3d 1396, 1398-99 (11th Cir. 1997).

Here it made no difference whether this was an issue for the court or the jury, because the Sheriff admitted prior to trial that in relevant respects, Mr. Anglin

was indeed a final policymaker. Asked at oral argument on the Sheriff's summary-judgment motion whether "the warden is a person whose edicts or acts could fairly be said to represent official policy," the Sheriff's attorney answered succinctly: "Yes." ECF No. 90 at 8-9. This was a clear concession on this point.

The Sheriff adhered to this position at all times through return of the verdict. The parties were required to list in the pretrial stipulation the factual issues to be tried and the issues of law to be determined by the court. The Sheriff did not list the final policymaker issue. Pretrial Stip., ECF No. 41, at 3-4. At trial, neither side offered evidence on, or otherwise addressed, this issue. The jury instructions told the jury to decide whether Mr. Anglin was deliberately indifferent—the relevant issue in light of his status as a final policymaker. The Sheriff did not object. The verdict form likewise asked the jury to decide whether Mr. Anglin was deliberately indifferent. The Sheriff did not object.

With the final-policymaker issue having been conceded by the Sheriff, the plaintiffs had no reason to submit evidence on or otherwise address the issue before or during the trial. Even so, evidence that was admitted for other purposes provides support for the conclusion that Mr. Anglin was indeed a final policymaker in relevant respects. Thus, for example, Mr. Anglin—apparently on his own, without review by anyone—fired Mr. Reyes when Mr. Reyes eventually admitted sexually assaulting an inmate. The record does not suggest that Mr. Anglin's

decisions on keeping or firing Mr. Reyes, or his other decisions on what to do or not to do to protect inmates from sexual assaults, were subject to review by the Sheriff or anyone else. A county of course is free to allocate its decision making however it chooses; a county can, and Bay County apparently did, choose to give the responsibility for running a county jail to a warden.

It might well be an abuse of discretion to release a party from a concession in these circumstances—when a party first raises an issue after a case has been tried and a verdict rendered, and when the party offers no explanation for the concession or for the delay in raising the issue. In any event, even if I have discretion to release the Sheriff from his concession, I decline to do so.

Allowing the Sheriff to concede this issue in advance but raise it for the first time after the trial would require a second trial. The issue plainly could not be decided now in the Sheriff's favor without further proceedings, because the plaintiffs have had no opportunity to present evidence on the issue. The plaintiffs had no occasion to address the issue in response to the Sheriff's summary-judgment motion, because the motion did not raise the issue. The plaintiffs had no occasion to address the issue at the trial, because the trial proceeded based on the Sheriff's concession and addressed only the issues duly noted in the pretrial stipulation. It would be the height of unfairness and bad case management to allow

a party to concede an issue but then, dissatisfied with the result of a trial, have a do-over.

The Eleventh Circuit has upheld a district court's refusal to release a defendant from a pretrial concession on precisely this issue. In *Morro v. City of Birmingham*, 117 F.3d 508 (11th Cir. 1997), the defendant city failed to raise in the pretrial process the issue of whether its police chief was a final policymaker in relevant respects. The jury returned a verdict for the plaintiff, and the district court entered judgment on the verdict. The Eleventh Circuit affirmed. The court said it was "extremely doubtful" that the police chief was indeed a final policymaker, *id*. at 514, but the court held fatal the city's failure to raise the issue during the pretrial process as required. *Id*. at 515-16. *Morro* is binding circuit authority that settles the concession issue.

Indeed, here the Sheriff's concession on this issue—"Yes"—was even clearer than the concession in *Morro*. The Sheriff never wavered from that position. The Sheriff is not entitled to judgment as a matter of law on this or any other issue.

## III

As a matter of discretion, I also deny the Sheriff's motion for a new trial. This may not have been a perfect trial—few are. But it was a full and fair trial. There was competent testimony supporting each side's position—the stuff of

which jury trials are made. The jury was properly instructed. Each side took its best hold. The jury found, based on evidence the jury was entitled to believe, that Mr. Reyes sexually assaulted the plaintiffs and that Mr. Anglin was deliberately indifferent—that he knew there was a substantial risk that Mr. Reyes would sexually assault these inmates but failed to take available steps to avoid or reduce the known risk. The Sheriff's only real beef is that he lost.

Or at least that was so prior to the recent disclosure that the plaintiffs' attorneys paid an out-of-state witness's father a significant amount to transport the witness from her drug-treatment facility to the trial and back. The Sheriff has moved for leave to conduct discovery on this issue. The plaintiffs have not yet responded, and the response is not yet due. This order expresses no opinion on the propriety of this payment or on its consequences.

                                        IV

        For these reasons,

        IT IS ORDERED:

        The motion for judgment as a matter of law or alternatively for a new trial, ECF No. 76, is denied.

        SO ORDERED on April 20, 2018.

                                        s/Robert L. Hinkle_____
                                        United States District Judge